1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON EVERETT PELLUM, SR., | Case No.  1:13-cv-01316-MJS (PC) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | **(ECF No. 1)** |
| FRESNO COUNTY JAIL, | **AMENDED PLEADING DUE IN THIRTY DAYS** |
| Defendant. | |

Plaintiff is a state prisoner housed in the Fresno County jail. He is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint filed on August 19, 2013, is before the Court for screening. For the reasons set forth below, the Court finds the complaint does not state a cognizable claim and ORDERS it DISMISSED with leave to amend.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

1

immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff complains courtroom ankle shackles caused tendon and ligament damage and resulting pain, swelling and numbness. He lost feeling in his left foot and

1   went "man down" in his Fresno County Jail cell. A few minutes later he was transported

2   to the jail infirmary where an unnamed nurse misdiagnosed and refused to treat his

3   condition. He continues to suffer pain and has trouble walking.

4       Plaintiff states this is a "class action".[1] He seeks monetary damages against

5   Defendant, Fresno County Jail – Medical Division.

6   **IV.   THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM**

7       **A.   The Fresno County Jail is not Amenable to Suit**

8       The Fresno County Jail, operated by the Fresno County Sheriff, is a subdivision

9   of the County of Fresno and is not considered a "person" for purposes of § 1983. The

10  term "persons" encompasses state and local officials sued in their individual capacities,

11  private individuals, and entities which act under the color of state law and local

12  governmental entities. Vance v. Cnty. of Santa Clara, 928 F.Supp. 993, 995-96 (N.D.

13  Cal. 1996); see also Brockmeier v. Solano Cnty. Sheriff's Dep't, 2006 WL 3760276, *4

14  (E.D. Cal. Dec.18, 2006) (dismissing Sheriff's Department as an improperly named

15  defendant for purposes of § 1983). Thus, Plaintiff's claim against the Fresno County Jail

16  is not cognizable under § 1983.

17      **B.   The Complaint Fails to State a Claim under Monell**

18      A claim against a local government unit for municipal or county liability requires

19  an allegation that "a deliberate policy, custom or practice . . . was the 'moving force'

20  behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477

21  F.3d 652, 667 (9th Cir. 2007), citing Monell v. Dept. of Social Services, 436 U.S. 658,

22  694–695 (1978). Here, Plaintiff fails to allege facts demonstrating that his injuries were

23  caused by a deliberate policy, custom or practice instituted by Fresno County. Plaintiff's

24  complaint fails to state a cognizable claim as to Fresno County.

25      Plaintiff will be given leave to amend. .Before filing an amended complaint, he

26  should review the standard set forth above and determine whether he will be able to

27  _____

28  [1] Plaintiff's allegations do not provide a basis for a class action. Fed. R. Civ. P. 23(a)(4); Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008). This action, therefore, will be construed as an individual civil suit brought by Plaintiff in his sole behalf.

1    state a claim against Fresno County. If he is unable to do so, he may nevertheless

2    proceed to try to allege claims against specific individuals in the Fresno County Jail who

3    violated his rights.

4           **C.**    **The Complaint Fails to State a Medical Claim**

5         Plaintiff has not named the nurse at the Jail who allegedly violated his rights.

6    Plaintiff must either name the nurse as an individual defendant, or if the name of the

7    nurse is unknown, then identify as a "doe" defendant. See Fed. R. Civ. P. 10(a).

8         Plaintiff has not alleged a federal claim for allegedly poor treatment of his foot or

9    leg.  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

10   inmate must show deliberate indifference to serious medical needs." Jett v. Penner, 439

11   F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).

12   This requires Plaintiff to show (1) "a serious medical need' by demonstrating that failure

13   to treat a prisoner's condition could result in further significant injury or the unnecessary

14   and wanton infliction of pain," and (2) "the defendant's response to the need was

15   deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d

16   1050, 1059 (9th Cir. 1992).

17        Plaintiff has not alleged the nature and extent of swelling, pain, and numbness,

18   its duration, or its impact, if any, on his daily activities. The Court can not determine

19   whether this condition presents a serious medical need. See McGuckin, 947 F.2d at

20   1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find

21   important and worthy of comment or treatment; the presence of a medical condition that

22   significantly affects an individual's daily activities; or the existence of chronic and

23   substantial pain are examples of indications that a prisoner has a serious need for

24   medical treatment.").

25        Plaintiff's belief that he suffered tendon and ligament damage appears  based on

26   his own lay opinion, conjecture or speculation, none of which constitute a basis for a

27   federal claim.

28        Even if Plaintiff had alleged a serious medical need, nothing in his complaint

1  suggests a deliberately indifferent or medically unacceptable response thereto. Plaintiff

2  received a rapid response to his "man down" call and was transported to the jail

3  infirmary and evaluation by a nurse. Plaintiff obviously feels the nurse failed to treat him

4  properly. However, mere misdiagnosis and/or negligent treatment, if such occurred, is

5  not be sufficient to show indifference. See Broughton v. Cutter Laboratories, 622 F.2d

6  458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06 (mere 'indifference,'

7  'negligence,' or 'medical malpractice' will not support medical indifference claim). Nor is

8  Plaintiff's personal belief or opinion as to his condition and treatment needs. Franklin v.

9  Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (a difference of opinion between inmate

10  and medical provider will not support medical indifference absent showing of medically

11  unacceptable treatment).

12      Plaintiff does not allege facts suggesting the treatment was medically

13  unacceptable and provided with a knowing disregard of a serious medical risk. Plaintiff

14  fails to sufficiently allege medical indifference.

15      If Plaintiff chooses to amend, he must allege that the named defendants "[knew]

16  of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan,

17  511 U.S. 825, 837 (1994).

18      **D.    The Complaint Fails to State an Excessive Force Claim**

19      Plaintiff's allegation that he was injured by ankle shackles does not state an

20  excessive force claim. To state an Eighth Amendment claim, Plaintiff must allege that

21  the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267

22  F.3d 895, 910 (9th Cir. 2001). Whether force used by prison officials was excessive is

23  determined by inquiring if the "force was applied in a good-faith effort to maintain or

24  restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian,

25  503 U.S. 1, 6-7 (1992). The Court must look at the need for application of force; the

26  relationship between that need and the amount of force applied; the extent of the injury

27  inflicted; the extent of the threat to the safety of staff and inmates as reasonably

28  perceived by prison officials; and any efforts made to temper the severity of the

1 | response. See Whitley v. Albers, 475 U.S. 312, 321 (1976).

2 |       Plaintiff states that during three consecutive days in court he was restrained by

3 | an unusual brand of leg restraint, resembling a football, which caused the harm alleged.

4 | He does not explain who shackled him; how the shackles were applied; why he believes

5 | the shackles injured him; how long the shackles were left on; how the shackles caused

6 | injury; whether he was compliant with instructions of custody staff while in court;

7 | whether he complained of the shackles and if so to whom and what, if any, response

8 | was given; and why he believe the shackles were used with the intent to cause him

9 | harm. Plaintiff should note that a merely negligent manner of restraint, Williams v.

10 | Ramirez, 2009 WL 1327515, *3 (E.D. Cal. May 12, 2009), quoting Whitley, 475 U.S. at

11 | 319, and de minimis forms of restraint, Hudson, 503 U.S. at 9-10, are not sufficient

12 | bases for an excessive force claim.

13 |       If Plaintiff chooses to amend this claim, he must allege that the named

14 | Defendants applied the restraints maliciously and sadistically with the intention of

15 | causing him harm.

16 | **V.**      **CONCLUSION AND ORDER**

17 |       Plaintiff's complaint does not state a claim for relief under § 1983. The Court will

18 | grant an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130

19 | (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

20 |       If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a

21 | deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set

22 | forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at

23 | 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each

24 | named Defendant personally participated in a deprivation of his rights. Jones v.

25 | Williams, 297 F.3d 930, 934 (9th Cir. 2002).

26 |       Plaintiff should note that although he has been given the opportunity to amend, it

27 | is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

28 | Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on

1   curing the deficiencies set forth above.

2          Finally, Plaintiff is advised that Local Rule 220 requires that an amended

3   complaint be complete in itself without reference to any prior pleading. As a general

4   rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

5   F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint

6   no longer serves any function in the case. Therefore, in an amended complaint, as in an

7   original complaint, each claim and the involvement of each defendant must be

8   sufficiently alleged. The amended complaint should be clearly and boldly titled "First

9   Amended Complaint", refer to the appropriate case number, and be an original signed

10   under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

11   8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

12   right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

13          Based on the foregoing, it is HEREBY ORDERED that:

14      1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights amended

15              complaint form and (2) a copy of his complaint filed August 19, 2013;

16      2.      Plaintiff's complaint is dismissed for failure to state a claim upon which

17              relief may be granted;

18      3.      Plaintiff shall file an amended complaint within thirty (30) days from

19              service of this order; and

20      4.      If Plaintiff fails to file an amended complaint in compliance with this order,

21              it is recommended that this action be dismissed, with prejudice, for failure

22              to state a claim and failure to prosecute, subject to the "three strikes"

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

7

provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   <u>September 25, 2013</u>      <u>/s/ *Michael J. Seng*</u>

UNITED STATES MAGISTRATE JUDGE